May it please the court, I will speak up. My name is Richard Hammer. I represent appellant Richard Wayne Parker. I was his trial attorney in the Parker 1, the first trial that was 10-1 for acquittal, and I was his trial counsel in Parker 2 where there was a conviction. Mr. Parker handled some post-conviction remedies and I jumped back in pro bono for this direct appeal. I'm standing before you on direct appeal, timely filed from a wrongfully imposed life sentence. What is a direct appeal from? What is a direct appeal from? At best, it's a direct appeal from a 2255 motion. No, your honor, I respectfully differ because the 2255 motion was about an excessive fine and the order was entered in 2003 about the excessive fine. The work in between that was to have her honor Judge Schneider correct the judgment and impose a corrected judgment which she did in 2010, five years, four months after Booker. When Judge Schneider imposed that life sentence on Mr. Parker, she was unlawful because the jury in Parker 2 found Mr. Parker guilty of a measurable quantity over my strenuous objection. Another problem is that the apprentice issue has already been litigated in this court, is that right? The apprentice issue, as far as I know, was not litigated and everything that happened after 2003 was void or not cognizable in this court because of the Anti-Terrorism Act. Counsel, I think, I don't know if this was Judge Berzon's question but it's mine, and I think not referring to this case but the issue that you're trying to raise on the merits, has that not been decided by this court? Never. This is a case that's never ever been dealt with. This is not a case about an illegal fine. It's a case about an illegal sentence that was imposed because of the single judgment rule which has been good law from Flanagan, the United States Supreme Court, in 1984, and of course Laframboise which has been followed 29 times by the Ninth Circuit, 32 times by district courts in the circuit, and everywhere in the United States with the exception of one tiny snippet in the First Circuit by Burrell. This has nothing to do with the fine. It has nothing to do with the Apprendi. What it has to do with is the unbundling of the judgment that occurred on August 10th, 2010, when Judge Schneider, for the first time, entered an amended judgment. We all know, it's settled law, that there cannot be more than one judgment, and when Judge Schneider, after sitting on this for seven years, Mr. Parker could do nothing. The Anti-Terrorism Act would permit nothing, and when Judge... There was a judgment entered in 2000, and he could have raised this issue then, couldn't he? Booker, your honor, was decided on January 12th, 2005. The amended judgment that imposed the unlawful life sentence occurred on the 10th of August, 2010, five years, six months after Booker... That's not... That isn't actually the question that I asked. There was a judgment entered in 2000, correct? Yes, that was the life sentence. And somebody had to be the first to think of all these issues, so there was an opportunity for a direct appeal in 2000, and so the issues that you are seeking to raise now could have been raised at that time, albeit without a supporting Supreme Court case to explain why it was a really good idea to come out the way that would have precluded, in theory, this issue from being raised. There's nothing about... I handled the direct appeal, the hearing in Blanc, and the cert petition to the U.S. Supreme Court, and at that time, when we filed the notice of appeal, I do not know if the notice of appeal in the briefing preceded Apprendi, which was not binding, but the first time that there was binding precedent by the Supreme Court in this issue was Booker-Fan-Fan in 2005. That isn't even true, because the issue that you're raising is not a Booker issue, is my understanding. The issue that you're raising is a direct Apprendi issue, that is, that the maximum sentence depended on the amount of drugs. It was not a Booker issue, it was an Apprendi issue. Well, it's an issue, Your Honor, respectfully, of judicial fact-finding, because... Correct, and not about the sentencing guidelines. No, it's not... Right, so it was a direct Apprendi issue. Apprendi had been decided by the time of the direct appeal, and the issue wasn't raised. The issue was not raised regarding the excessive maximum sentence. However, the amended judgment rule means there can only be one judgment, and when Judge Snyder entered that amended judgment, that unbundled... What about, as in another problem, 3572c, which seems to say that the fine is sort of separate from the rest of the sentence, such that even if the sentence to pay a fine isn't final, the rest of the sentence is final? Well, my response to that, Your Honor, would be that Colvin called a special assessment $50 excessive, and that case was reversed. Not only that, if we go back to 1215, Clause 22 of the Magna Carta Libertium, was strictly based on saying that an excessive fine is not an illegal sentence, and we have the Eighth Amendment... Wait a minute, but the statute, this is very imaginative, but the statute says notwithstanding the fact that a sentence to pay a fine can subsequently be modified under 3563, or corrected under 3742, or appealed and modified under 3742, which is what this would have to be, a judgment that includes such a fine for other purposes. Well, I would just respectfully differ, and... Well, how do you differ? It's a United States statute. I would differ that it's unconstitutional if that's the way it's going to be applied, because if a court imposes, and there's case law all over in the Ninth Circuit, Colvin, if a court imposes an illegal fine, then that's part of the, that's an illegal sentence, and it always has been, and it's part of the Eighth Amendment. As to the fine, and you had every opportunity to litigate the fine, and you have a final judgment as to the fine, but the question is, why do you get back to the rest of the sentence? Because, because La Femme Bois directs this court to go back to the, the amended judgment. It's, it's been law in the Supreme Court in Flanagan since 1984. It's been law in this circuit, La Femme Bois, a few years later in 89. It's been followed by this circuit. There should not be an exception. The amended judgment rule is so ironclad that, that we must look at this case as a sentence imposed on, on August 10th, 2010, and Judge Schneider gave no notice to Mr. Parker, did something in chambers. If you look at the amended judgment, it says Mrs. Hammer and I were there, and this and that. That amended judgment under La Femme Bois, under Flanagan in the U.S. Supreme Court, says the court owes any defendant a new sentencing. And when the court imposed a life sentence on, based on a jury finding of a measurable quantity, that is unlawful. And that is the big picture. In addition to that, and as Judge Graber said, this court has already found that any error in that regard was harmless, already held that, in the 2255 appeal. So why isn't that binding? It's not binding in the slightest, because that finding preceded the amended judgment. The amended judgment. So what? It was still a holding, a legal holding, that on the record in this case, any such mistake was harmless. Because if we're going to talk about race judicata or collateral estoppel, the Ninth Circuit law is clear that substance takes place over form. We can't take away the fact that this man was given an illegal life sentence, because of a formulaic issue that precludes something that was not at issue. This man, a former narcotics officer, stabbed 27 times, was not noticed, and he was given an unlawful life sentence. It's not about a fine. It's not about anything but Judge Schneider was duty-bound, because of the United States Supreme Court in Flanagan and LaFlambeau, to give this man a new sentencing. She had no right whatsoever to impose a life sentence. When the first judgment became unbundled, she had to look at this case as we always have in this circuit. There's been no exceptions. If you shepherdize LaFlambeau, there's 19 times it was followed in the Ninth Circuit, in your court, 27 times in the district court, respected in the Fifth, the Second, all over the United States. It's an absolutely binding decision. No judge, post-booker, can impose a life sentence for a measurable quantity. It's unconstitutional. It's unfair. There's no notice. There's no due process. This is his life. We're not talking about a fine. And he's been, in stipulation of this record, he's been paying this fine. He might get five cents an hour, but he's been paying this fine regularly. I'll submit at this point, unless there's any other questions in reserve. And you were there when Judge Schneider made that change? No. I was never noticed. I thought I heard you say that. She wrote that, Your Honor, on the, and I'll speak loudly for your benefit. You don't have to speak loud. OK. But. I could hear you if you were on the. I'm sorry. On the Rose Bowl. OK. I'm erring on the second. Oh, that's all right. But the answer is, the answer is, I'm sorry that I confused the panel. But the docket. I don't want you to take an appeal to the Supreme Court that you had a deaf judge. No. We have as fine a panel as we could be constituted in the finest circuit. I got those expensive hearing aids because they had a very good bargain that day at UCLA. Well. I can't pass up a bargain. Your Honor, just as an aside, UCLA saved my life with a cancer experiment. They're phenomenal. And I live in Tijuana, Mexico, because the rent is one fifth of what it is in San Diego. So I love a great bargain. I'm a member of Costco. But the answer is. Well, Tijuana has excellent doctors. Oh my god. And the best food. But I'm writing a book called My TGA about the defamation of the press about Tijuana. But we're getting way, I get crazy. Anyway, what I meant was that the amended judgment that said Mrs. Hammer was there and all that, it just wasn't true. The amended judgment speaks falsely as to every fact in that amended judgment. I wasn't noticed. I wasn't there. I would have been there. I would have made these arguments. So you want to re-sentence? Yeah. Just whatever sentence Judge Schneider would have up to 20 years. And the man has spent about 11 years. So with the 85%, I mean, she still has seven years over his life. She just can't impose the life sentence under Flanagan, LaFlambeau. That amended judgment is the only judgment under the single judgment rule. May I sit down? Thank you. No, no other questions. Thank you. May it please the court, Nancy Spiegel for plaintiff, Appellate United States of America. This is an appeal from a Rule 36 motion where the district court granted the relief requested by the defendant. Now the defendant appears to be requesting an entirely new re-sentencing regarding the Apprendi issue. And as the court mentioned, this issue has been litigated. It was litigated in defendant's 2255 motion, which was in that motion the defendant raised the issue that his counsel was ineffective for failing to bring Apprendi to the attention of the district court. The district court denied that motion and this court affirmed. So the government's position is the Apprendi issue has been decided by this court. And furthermore, what the defendant seeks now is a new hearing, a new re-sentencing. He's not entitled to that for the other reasons stated by the district court at government's excerpt of record 419 in the order issued after defendant brought a motion to reconsider his sentence. The legal relief. That was an earlier motion than this motion. That was after the 2255. That was in 2009, I think. That's correct. And he could have appealed that, presumably. He could have and did not. That's correct. He did appeal the 2255. So if you were just wandering your way through this case, it's not easy. If you were to decide exactly what the ruling ought to be in this case, what is your view of it? Specifically, what ought we to say about it? Well, it's difficult because it's an appeal from a Rule 36 motion, which was granted. So the defendant received his requested relief. Now he's requesting a hearing that he didn't request in the motion that's before this court. So he requested it earlier in a motion that he didn't appeal. Right. So even if the request for the hearing is properly before this court, that request should be denied. Do we have an ineffective assistance of counsel issue? No, we don't. Working in the background. No, we don't, Your Honor. We might, but it was decided. The issue was decided. That's correct. Adverse to the petitioner or the defendant. That's correct, Your Honor. And the amended judgment is what the court did. I have it before me. It's at Defendant's Excerpt of Record 31. And what counsel was referring to is the court used the original judgment, the January 19, 2000 judgment, and actually amended it in accordance with defendant's request to modify the fine. And so it is the 2000 judgment. There is only one judgment in this case. And it reflects the amended fine. Well, I mean, that's a little peculiar in the sense that if this was a proper Rule 36, that would probably be right. At least that's the way Rule 35 works. And one would think that it would happen with it. But this doesn't really feel like a proper Rule 36. I mean, I understand that's what was done. And that's what was asked for. And that's what happened. But it wasn't really a clerical error. Well, in terms of the judgment being incorrect, that's true. It was a substantive error that was made by the court. Which ordinarily could not be corrected through a Rule 36 motion. I mean, the defendant really, looking at it that way, got more than he was entitled to by making a Rule 36 motion, which is you transposed 18 into 81. And that's a clerical error. And so it should be 18 months and not 81 months. That's what Rule 36 is for, it seems to me. That's correct. Well, in ruling on the 2255, the issue of the illegal fine was brought up at that time. And the court did rule in favor of the defendant at that time, but neglected to conform the judgment. Well, suppose they had entered a judgment at that point, correcting the fine in 2002, whenever it was. It was after a prank. Could he, at that point, have appealed on apprentice grounds? Well, he did appeal on it. He did appeal, and the court affirmed the district court's denial of that issue. But he didn't appeal. You see, what's odd about this is that was a 2255. There was a, I mean, I assume that one does not get to redo an entire case in response to a 2255. In other words, a 2255 successfully often does result in a new judgment. But is that judgment such that you can essentially start over with regard to the substantive appeal of the case? I would have thought not, but I don't know. Well, here, in terms of the apprentice issue, this court has ruled, and has been ruling since at least 2002, that that kind of issue is not cognizable on collateral relief. So directly, it was only cognizable as an ineffective assistance. So you're agreeing there was no clerical error that we were dealing with here? Technically, it's not a clerical error. It was a substantive error that the court corrected at the time of the 2255, but never conformed the judgment to go along with his order, her order. Yeah, but doesn't the government have responsibility on this? I mean, the US Attorney's Office gets a copy of all that, right? Isn't that true? That's true. So what was that assistant doing? Asleep? Well, I think nobody really, at the time, paid attention to the fact that the- And others didn't pay attention. But that's part of our job, to pay attention. That's true, Your Honor. That's very true. But the judgment has been corrected now. It is correct. The fine amount is- The record that corrected it talks about certain people being there that apparently weren't there. Well, the reason for that, Your Honor, is- Was the US Attorney there? No. No, Your Honor. But what the court did was, it took the original- this is the original judgment and commitment order from 2000, and the court amended it in boldface. And then, at the bottom of the judgment, stated that it was an amended judgment and signed and dated it. What usually happens if there's a successful 2255, in terms of paper? Do you know? I mean, does- is the judgment- if this had been done properly, would Judge Snyder, in 2002, have issued an amended judgment? Yes. Before the appeal? Technically speaking, the appeal may not have been proper either, because there was no judgment at the time. That's right. Technically, that's correct. But yes, the court issued its order, denying the 2255 on most of the grounds, granting it on the grounds of the illegal fine. And the court should have, at that time, issued an amended order reflecting its pronouncement that the fine had been, excuse me, reduced by two million dollars. And at that point, he would have had an appeal on the apprentice issue, but he did have an appeal on the apprentice issue. He took the appeal, yes. And the apprentice issue, your view is he could not have reached directly at that point anyway, because it was on collateral relief. That's correct. Even if there had been a new judgment entered. That's correct. And that's why I was asking you this other question. I mean, in general, under 2255, when there's a new judgment entered, when there's an amended judgment entered, people do not- That isn't treated as a new appeal from the original judgment. It's treated as an appeal from the 2255, i.e., with regard to whatever was changed. That's correct, Your Honor. And that's- Why is that? Is there any case law about that? Not that I'm aware of. It's accepted practice, I believe, but- It is, but then there is this Laframboise line of cases which seem to say that when you have an amended judgment, everything's on the table. So there seem to be, or at least for limitations purposes, so there seem to be kind of things running off in opposite directions. But that's- Right. I think that has to do with the procedural point that for statute of limitations tolling purposes, the amended judgment, the date of the amended judgment controls, because that's the finality. But the only thing that's on the table is what's ever been brought up. That's correct. There's no reason why, at this point in time, we're revisiting the amount, the imprisonment. The fine is- What's that statute I was reading before? Is it relevant to any of this? 2542, is that what it is? Yes, that's exactly- 3572. 3572, I'm sorry. 3572. See, that's exactly why the government is contending that if anything is at issue currently, it is the amount of the fine, not the imprisonment. Even if this court were to remand for a new hearing on the amount of the fine, the defendant would not be allowed to revisit the issue of the drug quantity and the imprisonment. The fine is the only issue. Well, and even now, the fine's been corrected, the judgment's been amended exactly the way the defendant asked for it. It's very bizarre. This issue that's before us now has never been presented to the trial court. Yes, the court did issue an order regarding the amount of the fine and concluded that it had issued an illegal fine as to count four, so the court corrected the amount of the fine, but never went the next step, that it should have gone and issued an amended judgment. That's- But the judge, the district court, did have an opportunity to consider the Apprendi issue. It did that earlier in the case and held that there was no ineffective assistance because the Apprendi issue was harmless error because the defendant had a whole lot of drugs. Yes, that's exactly right. And it's also your position- Judge Noonan says harmless error is the last refuge for- Scandals. Fill in the blanks. But it's also your position that if she had entered the judgment at the right time, the appeal still wouldn't have been any different and the available issues on appeal would only have been what they were. In other words, what he's trying to say is, I gather, is that the Apprendi appeal isn't dispositive, or this is what he could say if he said it, because it was an appeal of the prior determination rather than an appeal of a new determination, which is what there should have been. In other words, there should have been a new sentence and he- Would it be true if there were a new sentence that Apprendi would just apply? In other words, suppose there were a new sentence, a new sentencing hearing based on the old trial. He seems to be assuming that the old trial would just go up in smoke at that point because it would now be, for timeliness purposes, now instead of then, and you'd have to go back and have a new trial. That's what he's arguing, yes, is that he wants to say that because this judgment was amended in 2010, he, instead of just correcting the judgment, which the district court was entitled to do without a hearing under 2255, what he would like is a new, entirely new sentencing hearing which revisits every issue that was raised. Well, he would like a new trial, I gather, because if you had a new sentencing hearing, the reason why he'd say there's only a 20-year life sentence, 20-year sentence is because that's all that went to the jury, but presumably that's all that went to the jury because that was the law at the time. You would have a new trial and start all over again. That would be probably what the government would choose to do, yeah. We could have a mini-trial on the issue of drug quantity if it ever came to that, which it really should. But he's not asking for a new trial, he's just asking for another sentencing. That's correct. Your position would be that he's not entitled to the 20 years just per se, he'd have to at least have a trial. That's right. That's correct. Well, this is something the government should have picked up, right? The parties, including the government, yes, should have noticed that the court at the time of ruling on the 2255- Well, that's what U.S. attorneys do.  and say, well, Your Honor, Your Honor, that's not the way to do it. They say it more politely, let me direct your attention to this. So they're on the ball. That's true. Perhaps we wouldn't be here now if we had done that, Your Honor. That's true. But if the court has no further questions, the government will submit. Thank you. You got some rebuttal? Very short. Okay. So it shows you in Beverly Hills, but you're in Tijuana? Yeah, I'm basically for, you know, you are where your pets are, and all my pets are in Tijuana. So- Who are your pets? Pepper, Bear, I have a tarantula called Tina, and I have a cockatiel, Baby Cakes, who speaks fluent Spanish. But anyway- You have a tarantula that speaks to a cockatiel? No, they're separate. But the cats and the birds fly free. I have a jungle, because you get so much space for so little money in Tijuana. You're not Tarzan, are you? No, no, but I do surf. And I don't swing from vines. I'd like to help the panel, and all of us that are here primarily for justice. To err is human, to forgive is divine. Let's assume that this court wants to foreclose a new sentencing hearing, because the Apprendi issue was taken care of way back. Now, I disagree with that, because I don't think, under the Anti-Terrorism Act, et cetera, but that would have been an error, because this court would have made an error, Judge Schneider would have made an error, I would have made an error, the government would have made an error, and should have confessed Mr. Parker would have made an error, because it's clear that when the jury came back with a measurable quantity, the court cannot impose a life sentence on a measurable quantity when it has a 20-year max. So what we would be doing is permitting a gross miscarriage of justice, and this circuit has been the leading circuit in the finest judicial system in the world in preventing gross miscarriages of justice. The red herring in this case is two things, that this is about a fine. No, this is about the right to be resentenced when the judgment is amended and the first judgment becomes unbundled under the single judgment. We can't wipe out 23 years of precedent for the United States Supreme Court. Thirdly, there is no right, and even if I wanted one, to a jury trial on all the other issues, the only thing this court is permitted to do, the only thing we're asking that the court do is remand for sentencing. We're not entitled to have a new jury trial, and how many times has this circuit- Your position is that you're entitled to a sentence with a limit of 20 years. Absolutely. And that's only because it wasn't tried to the jury, but it could have been. Well, I- You get more than you would have gotten had it been done properly. The karmic, delicious irony of this case is even though I erred, I think in many ways as I have in my career, and I don't sleep that well because of it, this is a very complicated field and a very complicated case, but I strenuously objected way before Apprendi in Parker 2, Your Honor, you cannot give an instruction for a measurable quantity. I didn't know Apprendi was gonna be decided. At least I had the sense, the gut feeling that something's wrong here because the government was so embarrassed in Parker 1 where it was 10-1 for acquittal on all of these charges that it came back with buckets of blood and they streamlined the case. They wanted every little advantage and they fought bitterly for that measurable quantity instruction. I said, that's not right. That just means if there's a nanogram of cocaine, Mr. Parker could get a license. That's not right, Your Honor. Oh, no, no. And the government begged the judge, just a measurable quantity. We're talking about kilos upon kilos upon kilos. And if we know- The fact that you're talking about kilos upon kilos, which goes back to the question that there was a decision holding that any error on your part would have been harmless because had you gotten your way, we wouldn't be here today. There wouldn't be an appeal because there would have been a jury finding of kilos upon kilos. Except Booker, Fanfan, all these cases now say that the court cannot engage in judicial fact-finding, especially we're in a situation, no notice to the defendant, no notice to the government. I mean, this case is wacky. I mean, there's so many things that are wrong about this case and the sentencing itself, if the law is followed, will result in a remand for a proper sentence and Mr. Parker would still remain in prison, hunted down like a dog, stabbed 27 times, every day's like a year because he's a former narcotics officer and if Judge Schneider, under 3553 or whatever, she wants to give him the full 20 years, that's a lot of blood to suck out of the man for, I'm not condoning what happened. He didn't murder anybody. This is a gross miscarriage of justice if the law is not followed and the law is clear. That sentence became unbundled. Judge Schneider sat on this government confession of error on the excessive fine, which goes back to the Mac, for seven years and then when she amended the judgment, it was all wrong and why does Mr. Parker have to hold the bag and stay in prison the rest of his life for errors committed by me, by the government, by, with all due respect, every bench officer? This is an error of gross proportions and it's so supported in the last 20 years from Flanagan on down. There's not a case in the world that doesn't say that there's a single judgment and when there's a single judgment, when she amended that judgment on August 10th, 2010, we were entitled to a sentence, we were entitled to a notice or something to at least show up, to understand this cannot be done in a back room. It cannot be done when you look at the document that Judge Schneider signed that's false because we know that any verdict... You're hurting yourself now. Okay. You know... I'm excited. You don't have to go crazy here. Okay. You set a bad example for the younger generation. I'm sorry. Okay. I'm sorry that I've gone too far. But I am passionate. Passion is fine. Okay. But we're not a jury. I understand. I understand you're not. But these issues are a little different than we ordinarily get. I know what you're... And I care very much about the man and I'm sorry. I'm worried for that since you're partly to blame, the government's partly to blame, the system to me seems partly to blame. I do apologize for getting... That's all right. That unfortunately is my reputation and I do get too passionate and caught up with a profession I love and a profession... Both my daughters are lawyers and we live it. Thank you. And they don't take... New York, Nixon Peabody, and D.C. Both fine young women who will not be crazy like Daddy. No, because women are going to rule this country. They should. And they should. The problem has been men since day one. The problem is men. The men have given too much entitlement and too much power. Women should rule the world. And my daughters, I hope, will be part of that in a good way. All right. See? Feel better about that? Yes, Your Honor. Okay. All right. So the case is submitted. All right. The next case is U.S. v. Albert Bront. That's submitted on the briefs. And now we come to Toro Air, Inc. v.
judges: Pregerson, Graber, Berzon